HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED ABDALLA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SECURITY INDUSTRY SPECIALISTS, INC., et al. <br><br> Defendants. | CASE NO. C13-1674RAJ <br><br> ORDER |

This matter comes before the court on defendants' motion to compel arbitration of plaintiffs Mohamed Olow, Mohamed Hussein, Yasir Rashid, Abdinasir Elmi, Mustafa Ahmed, and Abdikarin Mohamed. Dkt. # 11.

As a preliminary matter, plaintiffs Olow and Hussein do not dispute that the motion should be granted as to them. Accordingly, the court GRANTS defendants' motion to compel arbitration against plaintiffs Olow and Hussein, and STAYS their claims pending the outcome of arbitration.

The Federal Arbitration Act ("FAA") creates a strong presumption in favor of the enforcement of an agreement to arbitrate. *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998). When a valid arbitration agreement covers a dispute a party raises in a lawsuit, the court must order arbitration and stay the litigation pending the

ORDER – 1

arbitration's outcome.  9 U.S.C. § 3.  The court must first determine whether the disputes before it are within the scope of the arbitration agreement.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  Resolving these arguments requires the court to apply "federal substantive law of arbitrability."  *Id.* (citation omitted).  That law respects the "liberal federal policy favoring arbitration agreements" embodied in the FAA.  *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  That law also requires the court to resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration," including any doubts about contract interpretation.  *Id.* at 24-25.

"When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  General state law principles of contract interpretation apply to interpretation of arbitration provisions that are within the scope of the FAA.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914 (9th Cir. 1993).  Under Washington law, the primary purpose of judicial interpretation is to ascertain the parties' intentions, give effect to them and make the parties' intentions controlling.  *Grant County Constructors v. E.V. Lane Corp.*, 77 Wash. 2d 110, 120, 459 P.2d 947 (Wash. 1969).  "The intentions of the parties should be ascertained from the entire writings, and, if at all possible, all parts of the writings shall be construed so as to harmonize with one another."  *Id.*  Additionally, specific terms and exact terms are given greater weight than general language.  *Adler v. Fred Lind Manor*, 153 Wash. 2d 331, 354, 103 P.3d 773 (Wash. 2005).  Any ambiguity between arguably conflicting provisions in a contract is resolved against the drafter.  *Id.* at 355.

ORDER – 2

The Employment Arbitration Agreement and Procedure ("Arbitration Agreement") electronically signed by plaintiffs Rashid, Elmi, Ahmed, and Mohamed provide in relevant part:

> 1.1. All Disputes (as defined in Section 1.2 below) are subject to this Employment Dispute Arbitration Procedure.
>
> 1.2. The term "Dispute," whether in the singular or plural, means: (a) any and all claims, disputes or issues of which the Employee (including former Employee) is or should be aware during the employment relationship or after termination thereof, and which relate to or arise out of the employment of the Employee by the Employer (including without limitation any claim of constructive termination, any benefits-related claim or any related claim against an individual Employee of the Employer), and (b) all Employer claims against that Employee.  The term "Dispute" includes, without limitation, contractual and common law claims, as well as statutory or constitutional claims, arising out of or related to . . . [among others] claim[s] arising out of or related to . . . laws against discrimination or harassment . . . .
>
> 4.1. A continuing Employee is bound by this Employment Dispute Arbitration Procedure one hundred and twenty (120) days after the date of its receipt by that Employee, unless that Employee notifies the Employer, in writing, within ten (10) business days of such receipt, that he/she elects to opt out of the Employment Dispute Arbitration Procedure.  A new Employee is bound by this Employment Dispute Arbitration Procedure as of the date of its receipt by that Employee, unless that Employee notifies the Employer, in writing within ten (10) business days of such receipt, that he/she elects to opt out of this Employment Dispute Arbitration Procedure. The respective date upon which each such continuing or new Employee is so bound is referred to herein as the "Effective Date."  Any Dispute arising from an operative event occurring on or after such Effective Date shall be subject to this Employment Dispute Arbitration Procedure.

Dkt. # 12 at 31-33, 43-45, 55-57, 67-69, Exs. C-F (Arbitration Agreements).  The page before the signature block, entitled "Agreement on Alternative Dispute Resolution" includes the following provisions:

> I understand that any employment-related dispute that I may have with my Employer, including, but not limited to, any dispute concerning my application for employment and my employment and its termination if I am hired, must be resolved exclusively through the Company's Employment Dispute Arbitration Procedure.
>
> I agree to submit for final and binding resolution pursuant to the Employment Dispute Arbitration Procedure any employment-related dispute, including, but not limited to, common law, contract or tort claims, and state and federal statutory discrimination and all other statutory and constitutional claims.

ORDER – 3

\* \* \*
> I further understand that I am responsible for becoming familiar with the Employment Dispute Arbitration Procedure which more fully defines the employment-related disputes covered by this Agreement, describes the procedures governing the dispute resolution process, and sets forth the remedies that I may obtain.

*Id*. at 40, 52, 64, 76.

Plaintiffs argue that the Arbitration Agreement does not apply to their claims for discrimination in the hiring process as prospective applicants where they signed the arbitration agreements after the events giving rise to their discrimination claims occurred. Defendants argue that the Arbitration Agreement covers all claims, including those that pre-date the signing of the Arbitration Agreement and pre-date employment.

Upon review of the contract as a whole, the court finds that the Arbitration Agreement indicates intent by the parties that it only apply prospectively, not retroactively. First, the term "Dispute" is specifically defined to require claims, disputes or issues (1) of which the employee is aware or should be aware during the employment relationship or after termination, **and** (2) that relate to or arise out of employment. Although not defined, the term "employment" necessarily requires that an individual be employed by the employer. *See e.g.,* http://www.merriam-webster.com/dictionary/employment; http://www.oxforddictionaries.com/us/definition/american_english/employment. Individuals who apply for prospective employment are not employed by the employer. Accordingly, the term "Dispute" can only apply to individuals who are already employed by the company. Second, the Arbitration Agreement provides that (1) new employees are bound by it as of the date it is received by the employee, and (2) any "Dispute" that occurs on or after the "Effective Date"[1] shall be subject to the Arbitration Agreement.[2]

---

[1] The "Effective Date" for new employees, such as plaintiffs Rashid, Elmi, Ahmed and Mohamed, is likely the date they signed their respective contracts.
[2] Conspicuously absent in the Arbitration Agreement is any provision suggesting that "Disputes" that arise before the "Effective Date" are subject to the Arbitration Agreement. Contrary to

ORDER – 4

When these provisions are read in conjunction with the definition of "Dispute," the court finds that the parties have demonstrated their intent that the Arbitration Agreement only applies prospectively from the date the new employees signed it.

Defendants rely on the general language in the "Agreement on Alternative Dispute Resolution" form that any employment-related dispute, including disputes concerning application for employment, employment, and termination, must be resolved exclusively through the Arbitration Agreement. However, the Arbitration Agreement specifically defines "Dispute," and the definition requires that the dispute be related to or arise out of employment of the employee by the employer. Individuals who submit applications for employment are not employed by the employer, and therefore, do not fall within the scope of the term "Dispute." Thus, the court resolves the purportedly conflicting general statement of what is included within the term "employment-related disputes" against defendants, who drafted the document, and gives greater weight to the specifically defined term "Disputes" in the Arbitration Agreement. *See Adler*, 153 Wash. 2d at 354 (specific terms and exact terms are given greater weight than general language; any ambiguity between arguably conflicting provisions in a contract is resolved against the drafter).

Accordingly, the court finds that the parties did not agree to arbitrate claims that arose prior to being employed by defendants. Plaintiffs only allege claims related to the failure to hire and the hiring process. Dkt. # 1-1 at 18-19 (Compl. ¶¶ 6.2-6.7). Since the court finds that the Arbitration Agreement does not apply to plaintiffs' failure to hire claims, the court need not address plaintiffs' remaining arguments.

For all the foregoing reasons, the court GRANTS the motion with respect to plaintiffs Olow and Hussein and STAYS their claims pending the outcome of arbitration, and DENIES the motion with respect to plaintiffs Rashid, Elmi, Ahmed, and Mohamed.

---

defendants' assertion, this is exactly the type of language that indicates a limitation on the temporal scope of the contract.

ORDER – 5

DATED this 24th day of March, 2014.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 6